**STATE of Missouri, ex rel., Shari BAILEY, Relator,**

v.

**Honorable Judge Thomas J. FRAWLEY, Circuit Judge of the Twenty-Second Circuit Court, Respondent.**

**No. ED 80871.**

Missouri Court of Appeals, Eastern District, Writ Division II.

April 16, 2002.

Maribeth McMahon, St. Louis, MO, for relator.

Susan C. Guerra, John T. McCaffrey, St. Louis, MO, for respondent.

GEORGE W. DRAPER, III, Judge.

A Petition for Writ of Prohibition was filed by Shari Bailey (hereinafter, "Relator") to prohibit the Honorable Thomas J. Frawley (hereinafter, "Respondent") from hearing a trial in juvenile court because he lacked jurisdiction to do so after Relator filed a timely application for change of judge pursuant to Rule 126.01(b). Preliminary order made absolute.

On Monday, February 11, 2002, the Division of Family Services took temporary custody of Relator's four sons after she was arrested and incarcerated. A Protective Custody Hearing was held on February 15, 2002, at which time the court issued its order appointing counsel for Relator and setting a trial date of March 12, 2002. On Friday, February 22, 2002, Relator timely filed an application for change of judge pursuant to Rule 126.01(b). At some point thereafter, Respondent denied her application. Relator

sought this writ to prevent Respondent from hearing her case in that he lacked jurisdiction to do so.

Rule 126.01(a)(1) states that a change of judicial officer of the court shall be ordered, *inter alia,* upon application of a party and the application does not need to allege or prove any cause for such change of judicial officer and need not be verified. Rule 126.01(b) specifies that the application must be filed within five days after a trial date has been set.

Respondent concedes in his Answer to Relator's Petition for Writ of Prohibition that Relator's trial date was set on February 15, 2002 for March 12, 2002, and she filed the proper application for change of judge. Further, Respondent concedes he was obliged to grant Relator's application. In light of Respondent's concessions, we direct Respondent to grant Relator's application for change of judge and transfer her case accordingly.

Therefore, preliminary order of prohibition is made absolute.

PAUL J. SIMON, J., and
KATHIANNE K. CRANE, J., concur.